UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

:

FRANKIE MONEGRO, on behalf of himself and all
others similarly situated,

:

:

                                    Plaintiff,          :          21-cv-3339 (LJL)

:

                    -v-                                 :          OPINION AND ORDER

:

STREET INSIDER DOT COM INC.,                            :

:

                                    Defendant.          :

:

------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Defendant Street Insider Dot Com Inc. ("Defendant" or "Street Insider") moves, pursuant
to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the complaint filed by
plaintiff Frankie Monegro ("Plaintiff" or "Monegro") for lack of subject matter jurisdiction and
for failure to state a claim.  Dkt. No. 13.

       For the following reasons, the motion to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(1) is GRANTED.

## BACKGROUND

       For purposes of this motion, the Court accepts as true the allegations of the complaint.
Dkt. No. 1 ("Complaint" or "Compl.").

       Plaintiff is a visually-impaired and legally blind person, who uses screen-reading
software to access the internet.  *Id.* ¶ 23.  Defendant Street Insider is a financial news service
company that owns and operates www.streetinsider.com.  *Id.* ¶ 21.  Plaintiff alleges that, on
numerous occasions, the last of which was in March 2021, Plaintiff intended to make a purchase
on Defendant's website and was unable to do so due to the website's lack of compatibility with

his screen-reading software.  *Id.* ¶ 24.  Plaintiff specifies that "[m]any features on the Website lack[] alt. text," which rendered Plaintiff "unable to differentiate what products were on the screen."  *Id.* ¶ 25.  Plaintiff further alleges that features on the website "fail to [a]dd a label element or title attribute for each field," and this causes problems for the visually impaired "because the screen reader fails to communicate the purpose of the page element."  *Id.* ¶ 26. Plaintiff also alleges that many pages of the website contain the same title elements, which prevent Plaintiff's software from distinguishing one page from another, and that there are a number of broken links on the website, which "is especially paralyzing [for the visually impaired] due to the inability to navigate or otherwise determine where one is on the website." *Id.* ¶¶ 27–28.  Plaintiff does not specify on what pages of the website he encountered these impediments.  Plaintiff alleges that "[t]hese access barriers effectively denied Plaintiff the ability to use and enjoy Defendant's website the same way sighted individuals do."  *Id.* ¶ 29.  Plaintiff cites that the Web Content Accessibility Guidelines ("WCAG") published by the World Wide Web Consortium are "universally followed by most large business entities and government agencies to ensure their websites are accessible," *id.* ¶ 19, and alleges that Defendant's lack of compliance indicates "intentional discrimination," *id.* ¶ 34.

Plaintiff seeks a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) "requiring Defendant to retain a qualified consultant acceptable to Plaintiff . . . to assist Defendant to comply with WCAG 2.1 guidelines for Defendant's Website," among adopting other training and accessibility protocols.  *Id.* ¶ 37.  Plaintiff alleges that the aforementioned conduct violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, Compl. ¶¶ 48–55; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-102(9), Compl.

¶¶ 56–68.  In addition to an injunction, Plaintiff also seeks compensatory damages and an award of costs and expenses.  *Id.* at 18–19.

## PROCEDURAL HISTORY

Plaintiff initiated this action by filing the Complaint on April 16, 2021.  Dkt. No. 1.  Defendant moved to dismiss the Complaint on July 7, 2021.  Dkt. No. 13.  Plaintiff filed a memorandum in opposition, Dkt. No. 17, and Defendant filed a reply memorandum in further support of the motion, Dkt. No. 20.  The Court granted the request by Defendant, with Plaintiff's consent, to stay discovery pending the Court's decision on this motion to dismiss.  Dkt. Nos. 21–22.

## LEGAL STANDARD

Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  A court properly dismisses a claim for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A motion to dismiss for lack of subject matter jurisdiction may 'raise a facial challenge based on the pleadings, or a factual challenge based on extrinsic evidence.'"  *U.S. Airlines Pilots Ass'n ex rel. Cleary v. US Airways, Inc.*, 859 F. Supp. 2d 283, 296 (E.D.N.Y. 2012) (quoting *Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996)).  Where the defendant challenges the legal sufficiency of a complaint's allegations, the court must treat all factual allegations as true and draw reasonable inferences in favor of the complaining party.  *Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001).  A bare assertion of standing alone will not

do.  Although injury may be pleaded generally, *see Lujan*, 504 U.S. at 561, the plaintiff must still allege "'facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'" *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 56 (2d Cir. 2016 (quoting *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).  Where the jurisdictional challenge is fact-based, the defendant may "proffer[] evidence beyond the [p]leading," and the plaintiff "will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction."  *Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 57 (2d Cir. 2016) (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).  In that case, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," and "the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts."  *Guadagno*, 932 F. Supp. at 95.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal.  *Twombly*, 550 U.S. at 555, 557.  The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." *Id.* at 679.  Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

## DISCUSSION

In its motion to dismiss, Defendant argues that: (1) its website is not a public accommodation covered by Title III of the ADA; (2) Plaintiff's inability to make a purchase on Street Insider's website is not a barrier covered by the ADA; (3) Plaintiff's failure to request an accommodation from Defendant makes him ineligible for ADA coverage; (4) Plaintiff cannot demonstrate an injury in fact and therefore Plaintiff lacks standing and the Court lacks subject matter jurisdiction; and (5) the NYCHRL claim should be dismissed for the same reasons and the Court should decline to exercise supplemental jurisdiction.  Dkt. No. 13.

## I.     Subject Matter Jurisdiction

The Court first considers its subject matter jurisdiction and Defendant's 12(b)(1) motion. *See United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a 'threshold question that must be resolved . . . before proceeding to the merits.'"); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) ("[B]efore deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction.").

"Under Article III of the U.S. Constitution, '[t]he judicial Power of the United States' extends only to certain 'Cases' and 'Controversies.'" *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (alteration in original) (quoting U.S. Const. art. III, §§ 1–2).  In order to invoke federal judicial power, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330,

338 (2016).  To establish standing to obtain injunctive relief under the ADA, the Second Circuit has required that "(1) the plaintiff allege past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits . . . , that plaintiff intended to return to the subject location."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).  The injury in fact must also be "concrete and particularized, and . . . actual or imminent."  *Id.* at 187.

Plaintiff does not allege he had an interest in returning to Defendant's website.  The failure to make any such allegation is fatal to his standing to obtain injunctive relief under the ADA.  "Intent to return is a highly fact-sensitive inquiry that incorporates a range of factors including not only the proximity of the defendant's services, programs, or activities to the plaintiff's home and the frequency of the plaintiff's past visits, but also other factors relevant to the calculation of the plaintiff's intent to return such as occupation or demonstrated travel habits," or, in the case of a website, habits with respect to "surfing" and traveling the internet. *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015).  Moreover, "generic, conclusory statements are plainly insufficient – [Plaintiff] must provide the Court with *some* specific facts demonstrating that it is likely he will be injured by [Defendant] in [the] future." *Dominguez v. Banana Republic, LLC*, 2020 WL 1950496, at *4 (S.D.N.Y. Apr. 23, 2020) (holding that Plaintiff's generic assertion that he had "been a customer at Defendant's stores on prior occasions" and that stores were "in close proximity to Plaintiff's residence" were not sufficient to establish an intent to return).

Plaintiff's reference to a case finding that being an ADA "tester" of a website is sufficient to establish an intent to return, *Panarese v. Sell It Soc., LLC*, 2020 WL 4506730, at *2 (E.D.N.Y. July 2, 2020), *report and recommendation adopted*, 2020 WL 4505703 (E.D.N.Y. Aug. 5, 2020),

is of no moment to this analysis because Plaintiff does not identify himself as an ADA tester in his Complaint.  He does not allege that he intends to return to Defendant's website for any purpose, whether it be a personal desire to consume financial news analysis or to perform ADA testing.  Although deterrence from visiting the subject location has been recognized as an injury in the Second Circuit, Plaintiff's lack of expressed interest in the subject matter of Defendant's website does not allow him to avail himself of this exception to the required intention to return.  *See Kreisler*, 731 F.3d at 188 (2d Cir. 2013) (finding deterrence constituted an injury for ADA purposes where Plaintiff testified "he frequents diners in his neighborhood often, . . . he lives within several blocks of the Diner, and . . . he would like to frequent the Diner if he were able to access it"); *see also Camacho v. Vanderbilt Univ.*, 2019 WL 6528974, at *10 (S.D.N.Y. Dec. 4, 2019) (finding injury where Plaintiff had been deterred from re-visiting the subject website but had expressed an intention to return to the website if it were to become accessible and an ongoing interest in attending the university whose website it is).

Courts in this District have considered complaints identical to Plaintiff's submitted by the same law firm and found the same deficiencies this Court has identified.  *See Guglielmo v. Nebraska Furniture Mart, Inc.*, 2020 WL 7480619, at *4–5 (S.D.N.Y. Dec. 18, 2020) (finding no standing where the complaint "offers only vague and conclusory allegations of intent to return, and fails to establish a likelihood of return"); *cf. Jenisa Angeles v. Grace Prod., Inc.*, 2021 WL 4340427, at *2 (S.D.N.Y. Sept. 23, 2021) (finding standing where, in response to a factual challenge to jurisdiction, Plaintiff had submitted an affidavit alleging additional facts including her ongoing interest in purchasing beauty products from the defendant's website).  For these reasons, Plaintiff lacks standing under the ADA, and the Court lacks subject matter jurisdiction.

II.     **NYCHRL Claims**

Claims under the ADA and NYCHRL are governed by the same standing requirements and therefore, for the same reasons discussed above, Plaintiff's NYCHRL claims are similarly dismissed.  *See Delacruz v. Yankee Candle Co., Inc.*, 2021 WL 1198567, at *1 (S.D.N.Y. Mar. 30, 2021) (finding Plaintiff did not demonstrate an intent to return and lacked standing under the ADA and consequently also lacked standing under the NYCHRL because "NYCHRL claims are governed by the same standing requirements as the ADA" (internal quotation marks omitted)). Even if this were not the case, since the Court has dismissed Plaintiff's claims arising under federal law, it would also decline to assert supplemental jurisdiction over Plaintiff's NYCHRL claims.  *See* 28 U.S.C. § 1367(c)(3); *Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED without prejudice.  Plaintiff may file an amended complaint within 30 days of the date of this Order, or else the case will be closed.  The Clerk of Court is respectfully directed to close Dkt. No. 13.


SO ORDERED.


Dated: February 11, 2022
      New York, New York                  LEWIS J. LIMAN
                                         United States District Judge